VARNER v. NEW HAMPSHIRE SAVINGS BANK.

HAINES TILE & MANTEL COMPANY v. SAME.

JACKSON-WALKER COAL & MATERIAL COMPANY v. SAME.

APPEALS FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

Nos. 264, 265, 266. Argued March 8, 9, 1916.—Decided April 3, 1916.

The essential question in this case being one of fact, and notwithstanding the different conclusions reached by the courts below, this court after consideration thereof holds that the evidence sustains the conclusion of the Circuit Court of Appeals that there was no such commencement of building as would give the mechanics' liens priority over the mortgages on the property within the meaning of the Kansas statute.

216 Fed. Rep. 721, affirmed.

THE facts are stated in the opinion.

*Mr. Chester I. Long,* with whom *Mr. J. A. Brubacher, Mr. George Gardner* and *Mr. A. M. Cowan* were on the brief, for appellants:

The property in controversy was conveyed to the bankrupt on January 3, 1911, and the work of excavating for the foundation was begun on January 3, 1911, and continued on the morning of January 4, 1911.

Under the Kansas statute, as construed by the Supreme Court of that State, a building is commenced when work or labor is begun on the excavation for the foundation, which in this case was on the morning of January 3, as found by the Referee and approved by the District Court.

Even if the bankrupt did the work on January 3 and 4, 1911, with the motive or intent of preferring the mechanic lien holders to the mortgagees, that cannot affect the

rights of the mechanic lien holders, who had no notice or knowledge of such motive or intent.

Mechanic lien claimants are entitled to a lien upon improvements separate from the land, regardless of the priority of the mortgages.

Under the Kansas Statute of Frauds the oral agreement that the mortgages should be executed and delivered concurrently with the execution and delivery of the deed to the bankrupt and be a first and prior lien upon the property and that the Kimball mortgage should be prior to that of Conklin, was void as to the appellant mechanic lien holders.

In support of these contentions, see: *Ansley* v. *Pasharo*, 35 N. W. Rep. 885; *De Villanueva* v. *Villanueva*, 239 U. S. 293; 20 Am. & Eng. Enc. (2d ed.), 479; *Bell* v. *Coffin*, 2 Kan. A. 337; *Boswell National Bank* v. *Simmons*, 190 Fed. Rep. 735; *Chicago Lumber Co.* v. *Schweiter*, 45 Kansas, 207; *Chicago, R. I. & P. Ry.* v. *Dowell*, 229 U. S. 102; *Coder* v. *Arts*, 152 Fed. Rep. 943; *Conrad* v. *Starr*, 50 Iowa, 470; 27 Cyc. 240, 250; *D. W. & Co.* v. *C., M. & St. Paul Ry.*, 85 Fed. Rep. 876; *Epstein* v. *Steinfeld*, 210 Fed. Rep. 236; *Getto* v. *Friend*, 46 Kansas, 24; *Gordon* v. *Torrey*, 15 N. J. Eq. 112; *Harsh* v. *Moran*, 1 Kansas, 293; *Hathaway* v. *Davis*, 32 Kansas, 693; *Hayes* v. *Fessenden*, 106 Massachusetts, 230; *Huff* v. *Jolly*, 41 Kansas, 537; *Hukill* v. *M. & B. S. R. Co.*, 72 Fed. Rep. 751; *Hussey* v. *Richardson Co.*, 148 Fed. Rep. 598; *Ill. Cen. R. R.* v. *Sheegog*, 215 U. S. 308; *Kansas Mortgage Co.* v. *Weyerhaeuser*, 48 Kansas, 335; *McCrie* v. *Lumber Co.*, 7 Kan. A. 39; *Missouri Lumber Co.* v. *Reid*, 4 Kan. A. 4; *Ohio Bank Co.* v. *Mack*, 163 Fed. Rep. 155; *Osborne* v. *Barnes*, 179 Massachusetts, 597, 61 N. E. Rep. 276; Phillips on Mechanics' Liens (§ 235); *Poff* v. *Adams*, 226 Fed. Rep. 187; *Seitz* v. *Un. Pac. R. R. Co.*, 16 Kansas, 134; *Smith Lumber Co.* v. *Arnold*, 88 Kansas, 463, 468; *Thomas* v. *Mowers*, 27 Kansas, 265; *Tilghman* v. *Proctor*, 125 U. S. 138; *Wagar* v.

*Briscoe,* 38 Michigan, 587; *Warax* v. *C., N. O. & S. Ry.,* 72 Fed. Rep. 640; *West* v. *Badger Lumber Co.,* 56 Kansas, 287; *White* v. *Kincade,* 95 Kansas, 466.

*Mr. Kos Harris* and *Mr. Samuel C. Eastman,* with whom *Mr. V. Harris, Mr. R. L. Holmes, Mr. C. G. Yankey* and *Mr. W. E. Holmes* were on the brief, for appellees.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

This is a contest for priority between creditors of a bankrupt. Appellees claim under mortgages upon certain real estate in Wichita alleged to have been recorded before building operations on the property were commenced. Appellants maintain construction began prior to recordation and that they are secured by preferred mechanics' liens created by the Kansas statute. Disagreeing with the District Court but in accord with the referee's opinion, the Circuit Court of Appeals (216 Fed. Rep. 721) held that no "such work as amounted to the commencement of the building within the meaning of the Kansas statute" was performed prior to the time when the mortgages were placed on record, and "that what was done was but a mere pretense at the commencement of a building, done to defeat *bona fide* prior liens." And it accordingly adjudged the mortgage creditors entitled to priority.

The essential question presented is one of fact; and there is sharp dispute in the testimony. Substantial difficulties are disclosed but after considering the evidence we think it sustains the conclusions reached by the Circuit Court of Appeals; and the judgment entered there is accordingly

*Affirmed.*